UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GLEN A. TAYLOR,<br><br>       Plaintiff,<br><br>   v.<br><br>INDIANA DEPARTMENT OF CORRECTION,<br><br>       Defendant. | CAUSE NO. 3:19-CV-1096-DRL-MGG |

OPINION & ORDER

Plaintiff Glen A. Taylor is incarcerated at Westville Correctional Facility. He filed a complaint against Indiana Department of Correction (IDOC) alleging violations of his First Amendment rights under the United States Constitution. He asks for compensatory and punitive damages. "A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Still, under 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant.

Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Nevertheless, correctional officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Moreover, the United States Supreme Court has long established "the general proposition that a law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993).

According to his complaint, Mr. Taylor follows Native American Religion [ECF 2 at 4]. In June 2019, after Mr. Taylor updated the prison's records on his religious preference, WCC's Chaplain M. Schultz advised him that Native American services weren't offered at WCC [ECF 2-1 at 2]. On December 6, 2019, Chaplain Schultz responded to Mr. Taylor's request for a transfer to another prison, explaining that someone else was in charge of that decision. Chaplain Schultz, however, encouraged Mr. Taylor to let him know "[i]n the event that your request is denied . . . what it is exactly that you are needing in order to practice your faith in a meaningful way while you are incarcerated" [ECF 6 at 1].

These allegations don't state a claim against IDOC (or anyone else for that matter), which, as a subdivision of the State of Indiana, is generally immune under the Eleventh Amendment to the United States Constitution from suit in federal court. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are exceptions to Eleventh Amendment immunity, *MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999), but none apply in this case. First, Mr. Taylor is not suing a state official and is not seeking injunctive relief. Second, state immunity was not abrogated by 42 U.S.C. § 1983's enactment. *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). Third, Indiana has not consented to this lawsuit. Therefore, IDOC is immune here.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow Mr. Taylor to amend his complaint if, after reviewing this court's order, he believes that he can plausibly state a claim. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If Mr. Taylor decides to file an amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the events that transpired, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to put this case number on a blank Prisoner Complaint Form (INND Rev. 2/20) and send it to Mr. Taylor;

(2) GRANTS Mr. Taylor until **May 25, 2020** to file an amended complaint if he so wishes; and

(3) CAUTIONS Mr. Taylor, that, if he does not respond by that deadline, his case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

April 27, 2020        *s/ Damon R. Leichty*
                      Judge, United States District Court